Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ELLIOT MCGUCKEN, an individual,

Plaintiff,

v.

TH2CONNECT, LLC, doing business as "Roadpass Digital," a Delaware limited liability company; ROADTRIPPERS LLC, doing business as "Roadtrippers," a Delaware limited liability company; and DOES 1-10,

Defendants.

Case No.: 2:26-cv-12254

COMPLAINT FOR:

1. Copyright Infringement
2. Vicarious and/or Contributory Infringement
3. Violation of the DMCA: 17 U.S.C. § 1202

<u>Jury Trial Demanded</u>

Plaintiff Elliot McGucken ("Plaintiff" or "McGucken"), by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

5. Plaintiff alleges on information and belief that Defendant TH2connect, LLC d/b/a Roadpass Digital ("Roadpass") is a Delaware limited liability company with its principal place of business at 500 W Madison Street, Suite 1000, Chicago, Illinois 60661.

6. On information and belief, Plaintiff alleges that Defendant Roadtrippers LLC ("Roadtrippers") is a Delaware limited liability company with its principal place of business at 131 East McMicken Avenue, Cincinnati, Ohio 45202. On information and belief, Roadtrippers is a wholly owned subsidiary of Roadpass.

7. Defendants Does 1 through 10, inclusive, (altogether with Roadpass and Roadtrippers, "Defendants") are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names,

whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS

9. McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

10. Roadpass is a company that maintains several applications, platforms, and websites focusing on travel guides, road trips, and information on traveling in a recreational vehicle.

11. Roadtrippers is a subsidiary of Roadpass that creates travel guides and has trip-planning features for road trips throughout the United States through its website, www.roadtrippers.com, and its mobile application.

12. McGucken created and owns the original landscape photograph shown below ("the Subject Photograph"):

| **Subject Photograph** |
| --- |
|  |

13. McGucken is the sole and exclusive owner of all copyrights in and to the Subject Photograph.

14. McGucken has complied in all respects with the Copyright Act, 17 U.S.C. § 101 et seq., and is the sole owner of all rights, title, and interest in and to the Subject Photograph, which McGucken registered with the United States Copyright Office effective prior to the filing of this action.

15. Prior to the acts complained of herein, McGucken widely published, publicly displayed, and disseminated the Subject Photograph, including, without limitation, on his website *www.emcgucken.com*, as well as through his online profiles, social media accounts, press coverage, and physical exhibitions. In each such publication, the Subject Photograph was properly credited to McGucken.

16. McGucken routinely published the Subject Photograph with copyright management information identifying and crediting McGucken as its owner and author.

17. McGucken alleges on information and belief that Defendants, and each of them, willfully copied, reproduced, publicly displayed, and distributed the Subject Photograph for commercial benefit without authorization, including by reproducing and displaying the Subject Photograph on www.roadtrippers.com ("Infringing Use"). A true and correct screen capture of the Infringing Use and its accompanying URL is depicted below:

**Infringing Use**

URL: https://roadtrippers.com/magazine/best-solo-travel-destinations/



18. The above exemplar is not meant to encompass all Infringing Uses; the claims asserted herein extend to any image displayed, published, licensed, distributed, and/or sold by Defendants that incorporates, without authorization, in whole or in part, the Subject Photograph. McGucken has never authorized Defendants, or any of them, to copy, reproduce, distribute, create derivative works from, or otherwise exploit the Subject Photograph.

19. On March 13, 2025, McGucken, through his attorneys, sent Defendants a demand to cease and desist their infringing use of McGucken's Subject Photograph. Defendants failed to meaningfully respond, necessitating this action.

## **FIRST CLAIM FOR RELIEF**

### **(Copyright Infringement - Against All Defendants, and Each)**

20. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. McGucken alleges on information and belief that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, McGucken's website, social media accounts, online profiles, and other publicly accessible sources; online publications and press coverage featuring McGucken's work; books and other print publications; third-party websites; and other publicly available online sources. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

22. McGucken alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online for commercial benefit and without McGucken's authorization.

23. McGucken alleges on information and belief that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works

from the Subject Photograph and publishing and distributing the same to the public.

24. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

26. McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**SECOND CLAIM FOR RELIEF**

**(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

27. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. McGucken alleges on information and belief that Defendants knowingly induced, participated in, aided, and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, reproducing, publishing, displaying,

and/or distributing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

29. McGucken alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of the Infringing Use.

30. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph, in an amount to be established at trial.

32. McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

///

## THIRD CLAIM FOR RELIEF

**(Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)**

33. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

34. McGucken regularly published the Subject Photograph with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. McGucken's CMI included, without limitation, his name, company name, copyright notice, metadata, and other identifying information. The CMI was prominently displayed and would be viewed by visitors to McGucken's website and online profiles.

35. McGucken alleges on information and belief that Defendants, and each of them, intentionally removed and altered McGucken's CMI and violated 17 U.S.C. § 1202(b) before copying, reproducing, distributing, and displaying the Subject Photograph.

36. McGucken alleges on information and belief that Defendants, and each of them, did distribute or import for distribution copyright management information knowing that the CMI has been removed or altered without authority of McGucken or the law.

37. McGucken alleges on information and belief that Defendants, and each of them, did distribute and publicly display works and copies of works knowing that copyright management information has been removed or altered without authority of McGucken or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

38. McGucken alleges on information and belief that Defendants, and each of them, in violation of 17 U.S.C. § 1202(a), knowingly and with the intent to

induce, enable, facilitate, or conceal infringement provided false copyright management information when they added false attribution information to uses of the Subject Photograph, including displaying the Subject Photograph with photo credit to Shutterstock.

39. McGucken alleges on information and belief that Defendants, and each of them knew, that they were providing false copyright management information in connection with their copies of the Subject Photograph and distributing copyright management information that was false at the time they distributed their unauthorized copies of the Subject Photograph.

40. Defendants, and each of them, removed and falsified the copyright management information relevant to the Subject Photograph knowing that it would conceal and facilitate the infringement at issue.

41. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 U.S.C. § 1203 and other applicable law.

42. McGucken alleges on information and belief that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and McGucken resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

**a.** That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them,

to remove the Subject Photograph from their respective websites, marketing and advertisement materials and to cease distributing prints bearing unauthorized copies of the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 20, 2026

By: *<u>/s/ Scott Alan Burroughs</u>*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff